Seward, J. (orally).
This case is submitted to the court, generally, upon the question as to priority.
William E. Miller was appointed receiver for the Newark Iron & Steel Co., some time in 1902; at any rate, on January 31, 1903, this court made an order that the receiver complete the unfinished contracts which had been entered into by the company; and that, in order to do that, he issue not to exceed—and the words “not to exceed” are important in this case—six thousand dollars of receiver’s certificates, to any person who might furnish the money to that extent. Those certificates were issued, and have come into the possession of some banks, who have filed answers in this case, setting up a claim to the fund in the hand of the receiver.
Some months afterwards—on June 12, 1903—an order was placed on the journal of this court authorizing the receiver to continue the business, and to borrow not to exceed $20,000 for that purpose. I do not know whether that order resulted disastrously to this business or not, but certain it was that no profits-were made out of the money that went into the institution.
*286 The question is submitted to the court as to whether the holders of these certificates for $6,000 have a prior claim,- in equity, to those who received the $20,000 of certificates—bearing in mind that these certificates were not issued until June, after the issuing of the first $6,000 of certificates, and were issued upon an application made by the plaintiff, Morris.
I will read the order of the court. It is in the brief of counsel, and I will not take up the time to go to the journal for it, because it is quoted accurately here. It reads:
“This day came the receiver, William E. Miller, heretofore appointed and qualified, and made application to the court to borrow the sum of $6,000 for the purchase of materials and the payment of wages to operate the plant'of said defendant, now in his possession as such receiver, for the completion of the unfinished contracts of said company; and for the appointment of appraisers of the property of said company, now in said receiver’s possession. And the court being of the opinion that it is to the best interest of said company and the creditors of the same, that said plant should be operated to the extent of the completion of said unfinished contracts, it is ordered that said receiver be and he is hereby authorized and empowered to borrow for that purpose not to exceed the sum of $6,000, for a period not longer than three months at a rate of interest not to exceed six per cent, pe'r annum.”
The extent to which these certificates were to run cuts some figure in the case. They were to run not to. exceed three months. After they had matured, the holders were entitled to their pay for the money advanced on their certificates.
The order provided—
‘ ‘ And to be payable on or before the expiration of said period; and that he issue to the lender of said money his receiver’s certificates for the same, to be non-negotiable and signed by him as receiver and dated as of the date of the execution thereof.”
The balance of the order applies to the appointment of appraisers, who were appointed to appraise the material on hand.
The second order, as set forth in this brief, and copied from the record of the court, made June 12, 1903, reads:
‘ ‘ This day came the plaintiff and defendant, and .on their motion and for good cause shown it is ordered that the receiver, *287 W. E. Miller, heretofore appointed in this case, be and he is hereby authorized and empowered to continue in possession of all the property and rights of the defendant and to control and operate-the works of the said defendant company at Newark, Ohio, until the further order of the court, with general powers to employ laborers, purchase material, make contracts, and manufacture and sell all the articles of merchandise and steel products of the said company; to make such necessary repairs and betterments as in his opinion are required for the economical and successful operation of said works; that the said receiver be, and he is hereby authorized to collect by. suit or otherwise all claims and demands of every kind and nature, due or owing to the said company, including all unpaid subscriptions to the capital stock thereof; and to compromise, adjust and settle all claims against said defendant company upon such -terms, and in such manner as shall be' agreed upon between him and the general creditors of the company.”
A part of that which I have just read reads like an original' entry, appointing a receiver, and giving him power to settle up the business of the concern. But it is not.
“And that for the purpose of carrying into effect, fully, this order, said receiver is hereby authorized and empowered to borrow a sum of money, not to exceed $20,000, and to secure the same by receiver’s certificates, pledging the same as security for the several sums so borrowed by him, and that the certificates so issued by him shall be a paramount lien and charge upon all the earnings as well as upon all material and supplies on hand or hereafter to be acquired by him, and upon all notes, accounts, claims, contracts and ch-oses in action and money due or to become due to the said Newark Iron & Steel Co., or to the said receiver thereof, and upon all other property, real, personal and mixed, subject only to the lien on the real estarte which was a valid and subsisting lien at the time of the filing of the petition for the appointment of a receiver herein, and that he make due and complete report of his proceedings hereunder to this court on the 1st day of October, 1903.”
This kind of an order surprised the court so much that the court went to its original memorandum on the docket that it had made at the time, and it found that this order was made June 9, 1903, and the order reads:
*288 “Order allowing receiver to run plant and to borrow money not to exceed $20,000 on receiver’s certificates, on condition that two notes, upon which plaintiff is surety, of $2,800 and $3,000, held by National Bank, Pittsburgh, and 166 shares of his stock is returned to him, or to his attorney. Enfry not to go on until complied with. ’ ’
Now, I do not know why this order was ever made, and I have always thought, and still think, that it is beyond the power of a court, where a corporation has gone into the hands of a receiver, to order the receiver to continue the business, except in so far as it is necessary to complete unfinished contracts. I do not believe the court has any power to do it. That is, he has no power to order a receiver to continue the business of a corporation, generally, for the purpose of making money possibly (or, probably, of losing money) in the venture; and generally of losing it, because I never yet saw a business run at a profit under such circumstances or that made any money for anybody. The court was without authority to make this order, but it was made as the court has indicated. And the case is- submitted upon the question of the priority of claims growing out of these orders.
It is not necessary to refer to any authorities in the matter. Counsel have presented ably prepared briefs, and the court has examined the authorities and is of the opinion that it exceeded its authority in ordering the $20,000 of certificates to be issued, and that the plaintiff’s claim, or the claims of those who hold the certificates issued under the first order of the court, are prior in equity, and are entitled to be first paid out of the money in the hands of the receiver. And it may be so ordered.
By Judge Swartz : What does the court mean by ‘ ‘ the money in the hands of the receiver ? ’ ’
The Court: Something was said about money in the hands of the clerk. That is what I mean. I simply hold that it is a prior claim, in equity.